IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

FREDRICK WILLIAM IVES,
    Plaintiff,

vs.                                       Case No.: 3:14cv260/LAC/EMT

MICHELLE NICHOLS, et al.,
    Defendants.
_____/

## REPORT AND RECOMMENDATION

    Plaintiff initiated this action by filing a civil rights complaint (doc. 1). Leave to proceed in forma pauperis has been granted (doc. 6).

    Now before the court are Plaintiff's Motions for Injunctive Relief (docs. 10, 12), in which Plaintiff seeks an order directing Defendants to provide him with adequate medical care, specifically, a special diet that he asserts is medically necessary to control his condition of diabetes.

    The grant or denial of preliminary injunctive relief rests in the discretion of the district court. *See* Carillon Importers, Ltd. v. Frank Pesce Intern. Group Ltd., 112 F.3d 1125, 1126 (11th Cir. 1997) (citation omitted). The district court, however, must exercise its discretion in light of whether:

    1. There is a substantial likelihood that Plaintiff will prevail on the merits;

    2. There exists a substantial threat that Plaintiff will suffer irreparable injury if the injunction is not granted;

    3. The threatened injury to Plaintiff outweighs the threatened harm the injunction will do to the defendant; and

    4. The granting of the preliminary injunction will not disserve the public interest.

*See* CBS Broadcasting, Inc. v. Echostar Communications Corp., 265 F.3d 1193, 1200 (11th Cir. 2001) (citation omitted); Carillon Importers, Ltd., 112 F.3d at 1126. "A preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly establishes the 'burden of persuasion' as to the four requisites." CBS Broadcasting, Inc., 265 F.3d at 1200 (citation omitted). Injunctions should be granted for definite, future injuries, not conjectural ones. Church v. City of Huntsville, 30 F.3d 1332, 1337 (11th Cir. 1994).

The conduct of which Plaintiff complains, i.e., the discontinuation of a special diet for his diabetes based on the opinion it is not medically necessary, does not constitute a substantial threat that Plaintiff will suffer irreparable injury if the injunction is not granted. Additionally, the court notes that in the separate order issued by this court on today's date, Plaintiff was directed to submit a second amended complaint because his amended complaint failed to state a basis for liability as to each of the named Defendants. Because the court determined that Plaintiff's complaint, as presented, fails to state a constitutional claim, Plaintiff has correspondingly failed to meet all of the prerequisites for injunctive relief, namely, that there is a substantial likelihood he will prevail on the merits in this action.

For the foregoing reasons, Plaintiff's motions for injunctive relief should be denied without prejudice.

Accordingly, it is respectfully **RECOMMENDED**:

That Plaintiff's Motions for Injunctive Relief (docs. 10, 12) be **DENIED**.

At Pensacola, Florida, this 8th day of October 2014.


/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**


### NOTICE TO THE PARTIES

**Any objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only. A copy of objections shall be served upon all other parties. Failure to object may limit the scope of appellate review of factual findings.** See **28 U.S.C. § 636;** United States v. Roberts**, 858 F.2d 698, 701 (11th Cir. 1988).**